UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

W. RAY STEWART, *head of* )
*household;* J.P. STEWART, *wife and* )
*mother,* J. DOE, *minor child* )
)
v. ) Case No. 1:12-cv-184
)
JOE GUY, *individually and in his* ) COLLIER/CARTER
*official capacity as Sheriff of McMinn*, )
*County, et al.* )

REPORT AND RECOMMENDATION

I. Introduction

This report and recommendation is an initial review of the viability of plaintiffs' complaint filed in this *pro se* action. Plaintiffs W. Ray Stewart, J.P. Stewart, and J. Doe have filed an *in forma pauperis* application. Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs including non-prisoners seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Johns v. Maxey*, 2008 WL 4442467 *1 (E.D. Tenn. Sept. 25, 2008) (Greer, J.).

II. Standard of Review

The standard required by §1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th

1

Cir. 2007). In determining whether a party has set forth a claim in his complaint for which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), *Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93, (quoting *Twombly*, 550 U.S. at 569-70.) Further, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiffs, acting *pro se*, have sued the City of Niota, Tennessee; the City of Athens, Tennessee; McMinn County, Tennessee; the Niota Police Department; the Niota Water Department; and the Athens Police Department. Plaintiffs have also sued numerous officers, deputies, and commissioners in both their individual and official capacities and other, private individuals. The complaint is signed only by Ray Stewart (Mr. Stewart). Mr. Stewart alleges that he was assaulted by Niota City police officers, that other law enforcement officers and private individuals failed to protect him, that he was deprived of medical care, that he was denied water service, and that he and his family were deprived of personal property.

Plaintiffs bring this action under 42 U.S.C. § 1983. Section 1983 is a remedial statute which does not itself create independent substantive legal rights. Section 1983 simply provides a vehicle by which a person may recover damages for a violation of his rights secured to him by federal law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995). To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) he was

2

deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 155-156 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir.1996). To maintain a cause of action for damages under 42 U.S.C. § 1983, a plaintiff must also allege the defendant caused the plaintiff an injury and that he suffered actual damages. *See Carey v. Piphus*, 435 U.S. 247, 255 (1978); *Chatman v. Slagle*, 107 F.3d 380, 384 (6th Cir.1997); *Zehner v. Trigg*, 952 F.Supp. 1318, 1321 (S.D.Ind.), *aff'd* 133 F.3d 459 (7th Cir.1997).

There appear to be several events which give rise to this action, although it is unclear to the undersigned how each of these events is related to one another, if at all. Mr. Stewart asserts that the Niota City Water Department, Niota City Water Commissioner Robin Zweifiel, and Niota City Water Manager Amanda Coleman refused to provide his family water service.

The complaint also alleges that on June 13, 2011, when Mr. Stewart was "enroute to Niota City Council Meeting to publically protest denial of water and perceived police wrongdoing/criminal activity," Niota City Police Officer Jonathan Scott and Niota City Police Sgt. Donald McCarter and an unidentified McMinn County Sheriff's deputy "enter[ed] the structure and savagely beat[ ] W. Ray Stewart in the presence of wife and minor child." (Complaint, Doc. 2, Page ID# 19). He was removed from the "building" and taken to the police car injured and bleeding where the assault continued until he was semi-conscious. They continued to interrogate him despite his requests for an attorney. He was taken by AMR Ambulance Service against his will to the Athens Regional Medical Center where McCarter assaulted him again. Staff at the Medical Center failed

3

to protect him. At some point, either during the initial assault or later during the assault at the hospital, an unidentified Athens City police officer and Niota City Police Chief Rena June Price-Parham arrived and refused to protect him from Scott's and McCarter's assaults or to investigate them. After the assault at the Medical Center, McCarter laid the injured Mr. Stewart in the back of his patrol car and took him to the McMinn County Justice Center where unnamed Niota city police officers and unnamed McMinn County deputies continued to assault him and thereafter deprive him of needed medical care for a day and a half.

Plaintiff further alleges he had a scheduled arraignment before the McMinn County Court on June 14, 2011, but McMinn County Deputy Chaplain refused to take him because he was "to [sic] injured to safely transport and appear in court." Mr. Stewart relayed his mistreatment to McMinn County Sheriff Joe Guy who refused to investigate, discipline or take any action.

Plaintiff also alleges that on January 18, 2012, McMinn County deputies along with "contractor Gerald Hunt" and "Property Owner John Montgomery" had the Stewart family evicted from their residence and their property confiscated and sold. According to Mr. Stewart, Spencer Hall of Spencer's Auto Body in Niota, Tennessee, acting as the towing contractor for the City of Niota, deprived Mr. Stewart of his motorized bike, damaging it and grossly overcharging Mr. Stewart for the impoundment of the vehicle. Mr. Stewart concludes, "These actions violate 'Stewart's' U.S. Constitutional (including amendments) rights." (Internal quotations are original). *Id.* at Page ID # 24.

4

Mr. Stewart also alleges that Niota Mayor Lois Preece, Niota City Recorder Sandra Lowery and Niota City Commissioners Leesa Corum and Alen Watkins have failed to investigate, discipline, train, and control their employees.

### III. Analysis

*1. Respondeat Superior Liability*

Randy Gabriel and Rick Clayton, both McMinn County Sheriff's deputies, Sgt. Brown of the McMinn County Sheriff's Department, and Charles Zeigler, City of Athens Police Chief, are not mentioned in the body of the complaint. There are no specific allegations concerning these individuals. There is no *respondeat superior* liability under Section 1983, *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *McCloud v. Testa*, 97 F.3d 1536, 1558 (6th Cir.1996), and thus Gabriel, Clayton, Brown, and Zeigler cannot be held liable based on the conduct of others. Accordingly, the complaint fails to set forth any facts under which these defendants could be held individually liable, and it is RECOMMENDED all claims against Gabriel, Clayton, Brown, and Zeigler in their individual capacities be DISMISSED.

*2. State Actor Requirement*

As previously stated, one of the elements a plaintiff must show to successfully sue a defendant under Section 1983 is that the defendant was a state actor. There are no facts alleged in the complaint which, if considered true, the court could conclude that Gerald Hunt, John Montgomery, the American Medical Response (AMR Ambulance Service), Athens Regional Medical Center, and its owner, Lifepoint Hospitals, are state actors.

5

According, it is RECOMMENDED that all claims against these defendants be DISMISSED.

   *3. Capacity to Be Sued*

Mr. Stewart has sued the Niota Police Department, the Athens Police Department, and the Niota City Water Department. None of these entities is a municipality in its own right. Rather, each is merely a department of a municipality and, absent state law granting capacity to be sued independent of the municipality, each department lacks capacity to be sued under Section 1983. *See Catlett v. Jefferson* County, 299 F. Supp.2d 967, 968-69 ( E.D. Mo. 2004); *see also Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir.1994)(police departments are not legal entities which may be sued); *Obert v. The Pyramid*, 381 F.Supp.2d 723, 729 (W.D.Tenn.2005) (police department is not a legally-existing entity). Accordingly, it is RECOMMENDED all claims against the Niota Police Department, the Athens Police Department, and the Niota City Water Department be DISMISSED with prejudice.

   *4. Refusal to Provide Water Service*

As to plaintiffs' claim relating to the refusal to provide water service, the complaint does not explain why or in what manner such refusal was made, nor is the undersigned aware of any federal law or constitutional provision which gives a citizen an absolute right to receive water service from a municipality. The complaint itself does not state which right, privilege, or immunity secured by the Constitution or laws of the United States have been violated because he was not provided water service. Accordingly, it is RECOMMENDED that all claims brought against any defendant

6

named in this lawsuit based on the City of Niota's refusal to provide water to the Stewart family be DISMISSED.

### 5. *Official Capacity*

Defendants McMinn County Sheriff Joe Guy, Niota City Police Sgt. Donald McCarter, Niota City Police Officer Jonathan Scott, Niota City Mayor Lois Preece, Niota City Recorder Sandra Lowry, Niota City Police and Fire Commissioner Alen Watkins, Niota City Police Chief Rena June Price-Parham, Niota City Commissioner Leesa Gable Corum, Athens City Police Chief Charles Zeigler, McMinn County Sheriff's Deputy Randy Gabriel, McMinn County Sheriff's Deputy Rick Clayton, and McMinn County Sgt. Brown have all been sued in their official capacities as well as their individual capacities. Mr. Stewart has also sued the City of Niota, the City of Athens, and McMinn County. A claim against a government employee in his official capacity constitutes a claim against the governmental entity itself and cannot be maintained independently from the claim against the governmental entity. *Kentucky v. Graham*, 473 U.S. 159 (1985); *Johnson v. Karnes,* 398 F.3d 868, 877 (6th Cir. 2005); *Culberson v. Doan*, 125 F. Supp.2d 252, 273 (S.D. Ohio 2001). Therefore, claims against the aforementioned persons in their *official capacities* is redundant and unnecessary. Accordingly, it is RECOMMENDED all claims against said persons in their *official capacities* be DISMISSED.

### 6. *Derivative Claims*

Ray Stewart; his wife, J.P. Stewart; and their minor child, J. Doe, are named as plaintiffs in this action. As previously discussed, the undersigned finds the complaint has no claim for failure to provide water service to the Stewart family. The only other

7

allegation specific to J.P. Stewart and J. Doe in the complaint is that certain law enforcement officers savagely and unwarrantedly assaulted Ray Stewart in their presence. "[A]n action under 42 U.S.C. § 1983 inures only to the benefit of one whose own personal constitutional rights were violated." *Cramblit v. Fiske*, 1992 WL 307962 * 7 (6th Cir. 1992). A bystander cannot recover under Section 1983 for witnessing the deprivation of the civil rights of another. *Id.* (citing *Coon v. Ledbetter,* 780 F.2d 1158 (5th Cir.1986) ; *Hall v. Wooten,* 506 F.2d 564 (6th Cir.1974) (one cannot sue for the deprivation of the civil rights of another); *Jenkins v. Carruth,* 583 F.Supp. 613 (E.D.Tenn.1982), *aff'd,* 734 F.2d 14 (6th Cir.1984) (husband cannot sue for the alleged deprivation of his wife's civil rights); *Pierce v. Stinson,* 493 F.Supp. 609 (E.D.Tenn.1979) (parents cannot maintain an action under 42 U.S.C. § 1983 for the alleged deprivation of their children's civil rights)). Accordingly, it is RECOMMENDED that all claims brought by J.P. Stewart and J. Doe be DISMISSED as parties to this lawsuit.[1]

---

[1] The undersigned Magistrate Judge also notes that this action was filed *pro se* by Ray Stewart who is the only plaintiff who signed the complaint.

IV. Conclusion

For the reasons stated herein, it is RECOMMENDED[2] that Plaintiffs' action be DISMISSED IN PART as follows:

(1) All claims against defendants McMinn County Deputy Randy Gabriel, McMinn County Deputy Rick Clayton, McMinn County Sgt. Brown, and Athens City Police Chief Charles Zeigler in their individual capacities be DISMISSED.

(2) All claims brought against the American Medical Response (AMR Ambulance Service), the Athens Regional Medical Center, Lifepoint Hospitals, Gerald Hunt, and John Montgomery be DISMISSED.

(3) All claims against the Niota City Police Department, the Athens City Police Department, and the Niota City Water Department be DISMISSED.

(4) All claims against any defendant for refusal to provide water service be DISMISSED.

---

[2]Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).

(5) All claims against defendants McMinn County Sheriff Joe Guy, Niota City Police Sgt. Donald McCarter, Niota City Police Officer Jonathan Scott, Niota City Mayor Lois Preece, Niota City Recorder Sandra Lowry, Niota City Police and Fire Commissioner Alen Watkins, Niota City Police Chief Rena June Price-Parham, Niota City Commissioner Leesa Gable Corum, Athen City Police Chief Charles Zeigler, McMinn County Sheriff's Deputy Randy Gabriel, McMinn County Sheriff's Deputy Rick Clayton, and McMinn County Sgt. Brown in their official capacities be DISMISSED.

(6) All claims brought by plaintiffs J.P. Stewart and J. Doe be DISMISSED.

It is further RECOMMENDED that the Clerk of the Court mail blank summonses for plaintiff Roy Stewart to complete and return to the Clerk within thirty (30) days, along with the requisite number of complaints, for the purpose of serving the remaining defendants in this action with a summons and complaint.

S /*William B. Mitchell Carter*
UNITED STATES MAGISTRATE JUDGE